United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYON SYSTEMS, INC.,<br>Plaintiff,<br>v.<br>ANYON COMPUTING, INC.,<br>Defendant. | Case No. 26-cv-01060-TLT (LJC)<br>**NOTICE OF REFERRAL FOR DISCOVERY AND ORDER RESOLVING THE PARTIES' JOINT DISCOVERY LETTER**<br>Re: Dkt. Nos. 37–38 |

TO ALL PARTIES AND COUNSEL OF RECORD:

This case has been referred to Magistrate Judge Lisa J. Cisneros for discovery. For all future discovery disputes that the parties seek to resolve through this Court, the parties must comply with the procedures set forth in the Civil Standing Order for Magistrate Judge Cisneros, available at https://cand.uscourts.gov/ljc/. Please contact the Courtroom Deputy Clerk at ljccrd@cand.uscourts.gov with any administrative questions.

Having reviewed the parties' joint discovery letter (Dkt. No. 37) and attachments, and considered the relevant authorities, the Court issues the following order to resolve the parties' disputes. The Court holds that based on System's May 28, 2026 Request for Production No. 13, it was entitled to the photographs in native format, because under Rule 34(b) of the Federal Rules of Civil Procedure "[i]f a request [for production] does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).[1]

[1] The Court notes that if the form of production was not specified in the request, Rule 34 states that the "responding party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D). It appears that Computing endeavored to address production format issues earlier when it proposed an ESI protocol to Systems on April 29, 2026. Dkt. No. 37-6. For some reason

Here, a native file would contain the metadata that is necessary to consider in assessing the claimed first use of the ANYON mark, and a form that lacks the metadata is not "reasonably usable" for purposes of this litigation.

Accordingly, by October 23, 2026, Computing shall produce the native files in its possession, custody, or control for AC_000299, AC_002475, AC_002478–002484, AC_002488–002492, AC_002495–002500, AC_002505–002506, and the photographs submitted as USPTO specimens. The files must have their original metadata intact, and production must not depend on an exchange of Systems' files.

Because the first date of use of the mark is also relevant to Computing's defense, and Computing specified System's device photos that it seeks in Jessica Cox's October 6, 2026 email correspondence, Systems shall similarly produce the native files for those photos in its possession, custody, or control by October 23, 2026, unless the parties stipulate to a different date.

To ensure that the parties fulfill their duty under Rule 26(g) of the Federal Rules of Civil Procedure to make a reasonable inquiry in preparing their productions, they each shall, for any native file they cannot produce, serve a declaration under penalty of perjury that identifies the file, the device or account where it was kept, the search the party made, and why the file is unavailable. If the file was lost, the declarant shall explain when and how it was lost, to the extent known.

**IT IS SO ORDERED.**

Dated: October 16, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

a protocol was not agreed upon, but in the ordinary course an ESI protocol is one discovery tool that parties may use to prevent a discovery dispute of this sort.